**Mark BERRY, Plaintiff–Appellant,**

v.

**Dr. STURTZ, Gouverneur Correctional Facility, Ms. Stone, Nurse, Gouverneur Correctional Facility, Mr. Kasulke, Doctor, Gouverneur Correctional Facility, Ms. Lalonde, Nurse, Gouverneur Correctional Facility, Ms. Tracy, Nursing Administrator, Gouverneur Correctional Facility, Defendants–Appellees.**

**Docket No. 01–0304.**

United States Court of Appeals, Second Circuit.

July 25, 2002.

Mark Berry, Pro Se, Gouverneur, NY, for Appellant.

Nancy A. Spiegel, Assistant Solicitor General (Victor Paladino, Assistant Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, Albany, NY, for Appellee.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiff, *pro se*, Mark Berry appeals from an October 30, 2001 judgment of the District Court granting the defendants' motion for summary judgment.

Plaintiff brought the instant lawsuit pursuant to 42 U.S.C. § 1983 arguing that the medical staff at Gouverneur Correctional Facility violated the plaintiff's Eighth Amendment right to adequate medical care.

For substantially the reasons stated in Judge Hurd's Decision and Order of October 30, 2001 and Judge Di Bianco's Order and Report–Recommendation of September 4, 2001, the judgment of the District Court is hereby AFFIRMED.

In addition, we deny plaintiff's "post-verdict motion" apparently requesting that we amend or make additional factual findings under Federal Rule of Civil Procedure 52(b). Under Rule 52(b), a motion to amend a district court's findings must be filed with the district court within 10 days after entry of judgment. In the instant case, the motion does not appear to have been filed with the District Court and was filed with our Court on January 17, 2002, well outside the 10 day period. Moreover,

the motion raises the same unavailing arguments plaintiff asserts, and we reject, in his direct appeal.